UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEI AHL BEY,

                              Plaintiff,

          -against-                                    25-CV-6633 (JGLC)

STEPHEN J. NAEGELI, et al.,                            **ORDER**

                              Defendants.

JESSICA G. L. CLARKE, United States District Judge:

On August 7, 2025, Plaintiff initiated this action. ECF No. 1. On February 12, 2026, Plaintiff, who is proceeding *pro se*, paid the filing fees to commence this action.

On February 17, 2026, this case was reassigned before the Court. As a preliminary matter, the Court grants Plaintiff's motions for permission to file documents electronically (ECF Nos. 5, 27). The ECF Rules & Instructions are available online at https://nysd.uscourts.gov/rules/ecf-related-instructions. Following Plaintiff's registering to file documents electronically, he no longer will receive service of documents by postal mail, whether or not he previously consented to accept electronic service. All documents filed by the court, or any other party, shall be served on Plaintiff by electronic notice to Plaintiff's designated email address. *See* Fed. R. Civ. P. 5(b)(2)(E). Should Plaintiff have any questions regarding electronic filing, Plaintiff may call the ECF Help Desk at (212) 805-0800.

Furthermore, on November 13, 2025, Plaintiff filed a Motion for Temporary Stay of State Administrative Proceedings. ECF No. 11. Specifically, Plaintiff requested this Court to stay or enjoin a New York State Department of Motor Vehicles ("DMV") administrative license-revocation hearing scheduled for November 14, 2025. *Id.* at 1. On December 4, 2025, Plaintiff

filed a "declaration / affidavit" notifying the Court that a certificate of disposition has been issued in the underlying state action. ECF No. 22 ¶ 3. Therefore, because the date for the DMV hearing has passed and the action has been disposed of, the Court denies Plaintiff's motion to stay as moot.

Moreover, on November 6, 2025, Plaintiff filed his First Amended Complaint. ECF No. 9. On November 17, 2025, Plaintiff filed another copy of this First Amended Complaint, which was received by the *Pro Se* Office on November 19, 2025. ECF No. 14. This November 17 Amended Complaint appears to be identical to the November 6 Amended Complaint, with the exception that it omits one page. *Compare* ECF No. 9 *with* ECF No. 14.

On November 26, 2025, Plaintiff filed a motion requesting leave to "supplement the pleadings" to add the Hon. Maria G. Rosa as a defendant. ECF No. 18. On December 4, 2025, Plaintiff filed a Second Amended Complaint, which adds the Hon. Maria G. Rosa as a Defendant. ECF No. 21. On December 11, 2025, Plaintiff filed a letter alleging "newly arising facts." ECF No. 24 at 2. On December 12, 2025, Plaintiff again filed a copy of this Second Amended Complaint, which appears to be substantively identical to the December 4 Amended Complaint and is also signed and dated December 4, 2025. ECF No. 23.

Federal Rule of Civil Procedure 15 allows parties to amend their pleadings as a matter of course only once. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. Proc. 15(a)(2). Here, Plaintiff did not first obtain leave prior to filing his Second Amended Complaint, and there is no indication that opposing counsel consented to the amendments. Nevertheless, Federal Rule of Civil Procedure 15(a)(2) counsels that the Court "should freely give leave when justice so requires." Considering

that no Defendant has yet appeared in this matter, the Court accepts Plaintiff's most recent Amended Complaint, ECF No. 23, as the operative complaint in this action. Accordingly, the Court denies Plaintiff's motion for leave to supplement his pleadings as moot.

Finally, the Court dismisses *sua sponte* Defendants Hon. William Sanchez and Hon. Maria G. Rosa. "[J]udges generally have absolute immunity from suits for money damages for their judicial actions" and "even allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). The absolute immunity of a judge applies to monetary relief and injunctive relief, "unless a declaratory decree was violated or declaratory relief was unavailable." *Tewari v. Sattler*, No. 23-36-CV, 2024 WL 177445, at *1 (2d Cir. Jan. 17, 2024) (quoting 42 U.S.C. § 1983). The Second Circuit has upheld a district court's *sua sponte* dismissal of *pro se* claims against a state judge, even when the Court did not provide the plaintiff notice or an opportunity to be heard, because the dismissal was based on absolute judicial immunity. *Tewari*, 2024 WL 177445, at *2. *See also Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (affirming *sua sponte* dismissal of claims against a state family-court judge, because the judge was entitled to absolute judicial immunity).

Here, according to Plaintiff's operative Complaint, Defendant Hon. William Sanchez is a Village Justice of the Village of Rhinebeck Justice Court and Defendant Hon. Maria G. Rosa is a Dutchess County Supreme Court Justice. ECF No. 23 at 1. Plaintiff sues both Judges Sanchez and Rosa individually and in their official capacities as judicial officers. *Id.* Plaintiff does not allege that Judges Sanchez and Rosa violated a declaratory decree or that declaratory relief was unavailable. Therefore, Plaintiff's claims against these Defendants are clearly barred by judicial immunity.

## CONCLUSION

The Clerk of Court is directed to terminate ECF Nos. 5, 11, 18, and 27, and Defendant-Judges Sanchez and Rosa. The Clerk of Court is also directed to issue summonses as to the remaining Defendants.

Plaintiff is directed to serve the summons and complaint on each Defendant within 90 days of the issuance of the summonses. If within those 90 days, Plaintiff has not either served Defendants or requested an extension of time to do so, the Court may dismiss the claims against Defendants under Rules 4 and 41 of the Federal Rules of Civil Procedure for failure to prosecute.

Dated:  February 18, 2026
       White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge