UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEI AHL BEY,

                    Plaintiff,

         -against-

STEPHEN J. NAEGELI, et al.,

                    Defendants.

25-CV-6633 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On February 18, 2026, the Court entered an Order stating Plaintiff's then-most recently filed pleading, ECF No. 23, as the Operative Complaint in this action. ECF No. 31 at 3. Later that day, Plaintiff filed a Memorandum of Law seeking leave to file an amended complaint, ECF No. 33; a "Proposed Supplemental Complaint," ECF No. 34; and a Memorandum of Law seeking leave to file a supplemental complaint, ECF No. 35. Plaintiff did not file motions that accompany these memoranda of law. Additionally, in both of Plaintiff's memoranda, Plaintiff references an attached complaint. *See* ECF No. 33 at 1 and ECF No. ECF No. 35 at 1. However, there are no attachments to either memoranda. Instead, Plaintiff separately filed a singular proposed pleading, the "Proposed Supplemental Complaint." ECF No. 34.

The Court treats this "Proposed Supplemental Complaint" as a proposed amended complaint. Under Federal Rule of Civil Procedure 15(d), supplemental pleadings "set[] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Here, Plaintiff's proposed pleading's factual allegations describe the same events, beginning in March 27, 2025, as those alleged in the Operative Complaint. *Compare* ECF No. 23 ¶¶ 11–25 *with* ECF No. 34 ¶¶ 8–34. The proposed pleading also brings some of the same claims as the Operative Complaint. *Compare* ECF No. 23 ¶¶ 26–30 with ECF No. 34 ¶¶ 35–47.

Therefore, Plaintiff's proposed pleading does not set out "any transaction, occurrence, or event" that happened after the date of the Operative Complaint, which was filed on December 12, 2025, but rather amends the pleading. Fed. R. Civ. P. 15(d); ECF No. 23. Plaintiff's argument in his Memorandum of Law seeking leave to file a supplemental complaint supports the Court's interpretation, as he stated that the supplemental complaint "[c]larifies the scope and expansion of the traffic stop." ECF No. 35 at 2. Therefore, the Court treats Plaintiff's proposed pleading as a proposed amended complaint.

Because no Defendants have yet appeared in this action; Plaintiff's proposed pleading streamlines this action by omitting Defendants Roessling, Purtill, Village of Rhinebeck, Dutchess County, State of New York, and Tow/Impound Entity; and Federal Rule of Civil Procedure 15(a)(2) directs that "[t]he court should freely give leave when justice so requires," the Court grants Plaintiff leave to file his proposed amended complaint, ECF No. 34. The Court clarifies that Plaintiff is **not** granted leave to file any pleading other than the proposed amended complaint filed at ECF No. 34.

Dated:  February 23, 2026
        White Plains, New York

                                        SO ORDERED.

                                        JESSICA G. L. CLARKE
                                        United States District Judge